UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BUA INTERNATIONAL LIMITED, a Nigeria limited liability company; and NOM (UK) LTD, an England limited liability company<br><br>　　　　Petitioners,<br><br>v.<br><br>DOMTEC INTERNATIONAL LLC, an Idaho limited liability corporation<br><br>　　　　Respondent. | Case No. 4:23-cv-00206-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is a Petition to Confirm Foreign Arbitral Award and for Entry of Judgment ("Petition") filed by BUA International Limited ("BUA") and NOM (UK) Ltd ("NOM") (together "Petitioners"). Petitioners request that the Court confirm a foreign arbitral award and enter a judgment on their behalf and against Respondent Domtec International LLC ("Domtec").

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Petition without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Petition is GRANTED.

## II. BACKGROUND

On May 12, 2014, Domtec—an Idaho limited liability corporation—and NOM—an England limited liability company—entered into a written supply agreement. Dkt. 1, at 3. The agreement allowed the parties to arbitrate any dispute that could not be timely resolved through mediation before an arbitrator in the British Virgin Islands. Dkt. 1-4, at 3. After such a dispute arose in 2022, arbitration proceedings were properly initiated by Domtec against the Petitioners, and shortly thereafter, an arbitrator entered an award in the Petitioners' favor. Dkt. 1, at 4.[1]

Petitioners initiated the instant action to confirm the arbiter's award and receive a final judgment as part of their efforts to collect the fees awarded. Dkt. 1. Respondents filed an Answer and Objection. Dkt. 6. Petitioners replied. Dkt. 8.

## III. LEGAL STANDARD

In 1970, the United States became party to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38. Soon after, Congress implemented the provisions of the Convention into domestic law. Today they are codified as Chapter 2 of the Federal Arbitration Act (FAA). 9 U.S.C. §§ 201–208. *See, e.g.*, *Ministry of Def. of Islamic Republic of Iran v. Gould Inc.*, 887 F. 2d 1357, 1362 (9th Cir. 1989).

Under § 207 of the FAA, a party to an international arbitration may, within three

---

[1] The award consisted of payment of £343,750.91 plus interest at the rate of 2% over the Bank of England Bank Rate from the date of the award until payment, and $42,560.00 plus interest at the rate of 2% over the US Federal Reserve Interest rate from the date of the award until payment. Dkt. 1, at 4.

years of the issuance of an arbitration award, "apply to any court having jurisdiction . . . for an order confirming the award as against any other party to the arbitration."[2] The Convention requires that a petitioning party include in their application both a duly authenticated or certified copy of the original award and the original agreement (or a certified copy thereof) that gave rise to the arbitration. Convention, art. IV, cl.1. United States federal courts have made clear that the confirmation of an arbitration award should be approached as a summary proceeding in the nature of federal motion practice, and that review of an award should be limited so as to avoid frustrating the purposes of arbitration. *See, e.g.*, *Imperial Ethiopian Gov't v. Baruch-Foster Corp.*, 535 F.2d 334, 335 (5th Cir. 1976); *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15 (2d Cir. 1997). A reviewing court must confirm the arbitral award unless the party opposing enforcement proves that one of the seven, narrowly construed grounds for refusal listed in Article V of the Convention has been satisfied. § 207; *see, e.g.*, *Castro v. Tri Marine Fish Company LLC*, 921 F.3d 766, 773 (9th Cir. 2019).[3]

---

[2] Any United States district court can exercise original jurisdiction over an application per 9 U.S.C. § 203.
[3] Article V of the Convention states that recognition and enforcement of an arbitral award may be refused only if the contesting party provides proof that: (i) The parties to the agreement were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or (ii) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or (iii) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or (iv) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or (v) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made; or (vi) The subject matter of the difference is not capable of settlement

## IV. ANALYSIS

At the outset, the Court notes that Petitioners here have fully complied with the requirements for a confirmation petition. The arbitration took place in November of 2022. Petitioners filed the instant petition on April 26, 2023, well within the three-year filing window. Dkt. 1. Their petition included certified copies of both the original arbitral award and the underlying agreement. *Id.* at 13, 44. There is no dispute from Domtec that any of the documentation provided is in any way inadequate. Thus, the question before the court is limited to whether Domtec has proven one of the seven grounds for confirmation refusal listed in Article V of the Convention. The Court finds it has not.

The root of Domtec's problems appears to lie in its misunderstanding of the judicial process surrounding a petition to confirm an arbitral award. When a party files a petition to confirm an award, he or she is *not* filing a traditional complaint, and the petition *cannot* be effectively opposed by the submission of a traditional answer, with its concomitant admissions, denials, affirmative defenses, and nothing more. Rather, in the interest of avoiding a re-litigation of every arbitral award, the Convention requires that a party opposing a confirmation provide actual *proof* of one of the seven grounds for refusal. Convention, art. V, cl. 1 ("Recognition and enforcement of the award may be refused . . . only if [the contesting party] furnishes to the competent authority where the recognition and enforcement is sought, *proof* that [one of the enumerated defenses applies] . . . .") (emphasis added). In other words, mere admissions, denials, and affirmative defenses will

---

by arbitration under the law of that country; or (vii) The recognition or enforcement of the award would be contrary to the public policy of that country. *Convention*; T.I.A.S. No. 6997, at Art. V (cleaned up).

not be sufficient to stop the confirmation of an award.

Domtec's Answer to the Petition in this case contained nothing more than admissions, denials, and affirmative defenses. Dkt. 8. A handful of the affirmative defenses asserted by Domtec (its first, third, and sixth) may reasonably be understood as invoking the grounds for refusal listed in the Convention. *Id.* at 4–6. However, those defenses came without any showing of proof. Accordingly, Petitioners have carried their burden and the Court will confirm the award granted by the arbitrator and enter a final judgment in favor of Petitioners in accordance with that award.

## V. CONCLUSION

Because Petitioners appropriately filed the instant Petition, and because Domtec failed to offer any proof under article V of the Convention as to why the Court should refuse to confirm the arbitral award, the Court grants Petitioners' Petition.

## VI. ORDER

IT IS HEREBY ORDERED:

1. Petitioners' Petition to Confirm Foreign Arbitral Award and for Entry of Judgment (Dkt. 1) is **GRANTED**.

2. Domtec must pay Petitioners in accordance with the arbitral award and as outlined in the judgment in this case.

DATED: October 11, 2023

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER – 5